WILLIAM J. COUGHLAN, PROSECUTOR, v. CITY OF CLIF-
TON ET AL., DEFENDANTS.

Submited November 4, 1927—Decided February 25, 1928.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the prosecutor, *Edward F. Merrey.*

For the defendants, *William B. Gourley.*

PER CURIAM.

This writ of *certiorari* brings up for review a resolution
of the city of Clifton, adopted April 5th, 1927, to establish
a pension fund for the benefit of the firemen of that city.

The decision of the question raised involves a construction
of chapter 160 of the laws of 1920 (*Pamph. L., p.* 324), be-
ing "An act providing for the retirement of policemen and
firemen of the police and fire departments in municipalities of
this state, including all police officers having supervision or
regulation of traffic upon county roads, and providing a pen-
sion for such retired policemen and firemen and members of
the police and fire departments, and the widows, children
and sole dependent parents of deceased members of said de-
partments."

Section 10 of the act provides for submitting the question
of the adoption of the act to the voters of any municipality.
By section 9 it is provided: "This act shall take effect im-

mediately in every municipality in which a fund for the retirement or pensioning of policemen or firemen or either is now in effect, but shall not take effect in any other municipality until its adoption by the majority of the voters at any general election or special election called for such purpose."

The city of Clifton, at the time of the passage of chapter 160 of the laws of 1920, had a police and fire department, but no pension system for the fire department, although there was such a system for the police department.

The prosecutor contends that although section 9 of chapter 160 of *Pamph. L.* 1920, provides that it shall take effect immediately in every municipality in which a fund for the retirement or pensioning of policemen or firemen, or either, is now in effect, and although in the year 1920 there existed a fund for the police department, nevertheless this act did not become operative in Clifton in favor of firemen, and could only become effective to the firemen in that city by vote of its citizens, and, hence, that the resolution under review is void.

We think that contention is unsound. We think that a referendum was not necessary. It has already been so determined in *Hulme* v. *Commissioners of Trenton,* 95 *N. J. L.* 30; *affirmed,* 95 *Id.* 545, where the act was challenged as special legislation and sustained. Certainly upon the question now raised that decision is conclusive upon this court.

Another point made by the prosecutor is that because the resolution did not direct the financial officer of the city to deduct two per cent. from the wages of the firemen from the year 1920, when the act went into effect, until the date of the resolution, it is void.

We think that contention also without merit. The essential part of the resolution in dispute reads: "Upon the passage of this resolution, the firemen be placed in the pension fund, and the pension fund commission so notified and the proper officers be notified to deduct *the two per cent. from the wages of the firemen according to law,* and the same be paid to the pension fund commission, and that the city contribute four per cent. as now done in the police salaries."

We find nothing in the terms of that resolution which would justify us in setting it aside. It is unobjectionable in law. The resolution did not put the law in effect. The statute did that. The effect of the resolution was to notify the commission and fiscal officers of the law and to proceed thereunder.

The writ will be dismissed, with costs.